UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONY CHAVEZ AGUILAR, <br><br> on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT CHICAGO FIELD OFFICE; GLENN TRIVELINE, Acting Director, Immigration and Customs Enforcement's Chicago Field Office; JOHN F. KELLY, Security of Homeland Security; THOMAS HOMAN, Acting Director, Immigration and Customs Enforcement, <br><br> in their official capacities, <br><br> *Defendants*. | Case No. 17-cv-2296 <br><br> **COMPLAINT** <br><br> **CLASS ACTION** |

## STATEMENT OF THE CASE

1. This complaint presents a challenge to the policy and practice of U.S. Immigration and Customs Enforcement's Chicago Field Office (hereinafter "ICE" or "ICE Chicago") of detaining individuals prior to initiating removal proceedings against them ("pre-removal proceedings detention") without a prompt judicial determination of probable cause, an opportunity to be heard before or concurrent with the initiation of detention, or an otherwise prompt hearing before an immigration judge to understand the charges against them and their due process rights. This violates the Fourth and Fifth Amendments to the United States Constitution, as well as federal immigration law.

2. ICE Chicago has a policy and practice of arresting individuals without a warrant approved by a judge, in order to subject them to detention in contract detention facilities in Illinois, Indiana, Kansas, Kentucky, Missouri, or Wisconsin, prior to initiating removal proceedings. While the Immigration and Nationality Act (INA) and basic Fourth and Fifth Amendment protections require ICE to bring a warrantless arrestee "without necessary delay" before an immigration judge, ICE consistently arrests individuals for days deciding whether to place an individual into removal proceedings, and then another period of time (often lengthy) before a Notice to Appear (NTA)[1] is filed with the immigration court. It is only after the filing of the NTA that removal proceedings are initiated (and even after removal proceedings are initiated, it can often be weeks more before an individual actually appears before an immigration judge).

3. During the pre-removal proceedings detention period, individuals are detained without ICE providing a sworn, particularized statement of probable cause; without a prompt determination of probable cause by a detached and neutral judicial officer; without a prompt hearing before a judge to understand the charges against them, receive important advisals regarding their due process rights (including representation by an attorney), and a review of their continued custody.

4. ICE Chicago typically serves putative class members with an I-200 administrative warrant at some point after the individual is brought into ICE custody. An ICE I-200 administrative warrant is not reviewed or approved by a detached and neutral judicial officer and is not supported by a sworn, particularized showing of probable cause.

---

[1] The NTA is the charging document for removal proceedings.

5. Named plaintiff, Rony Chavez Aguilar ("Plaintiff"), has been held in immigration custody for 18 days in pre-removal proceedings detention, in violation of the Fourth and Fifth Amendments and federal immigration laws. Removal proceedings have not been initiated against him. Plaintiff's detention has not been supported by a judicial determination of probable cause. He has not been promptly brought before a judge. He has received no judicial explanation of the charges against him, no advisals regarding his due process rights, and no review of his continued detention.

6. Plaintiff's predicament is not unique. ICE Chicago detains thousands of people every year under similar circumstances. Plaintiff seeks declaratory and injunctive relief, on his behalf and on behalf of other similarly situated individuals, who have been subjected to ICE Chicago custody prior to the initiation of removal proceedings against them in violation of the Fourth and Fifth Amendments to the U.S. Constitution, as well as the INA.

## JURISDICTION, NOTICE AND VENUE

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702 because it arises under the Constitution and laws of the United States and Plaintiff seeks equitable relief for statutory and constitutional violations.

8. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

9. This Court has authority to grant injunctive relief in this action pursuant to 5 U.S.C. §§ 702 & 706, and Rule 65 of the Federal Rules of Civil Procedure.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred, and continue to occur, in this District.

11. Venue is proper in this judicial district because the individual with direct authority to order release of the Plaintiff (i.e., the ICE Chicago Field Office Director) is located in this District.

## THE PARTIES

12. Plaintiff Rony Chavez Aguilar is a United States citizen. Defendants have no jurisdiction and are without legal authority to arrest, detain, or subject Plaintiff to removal proceedings. Nevertheless, Plaintiff has been subjected to mandatory detention prior to initiation of removal proceedings.

13. Defendant Immigration and Customs Enforcement's Chicago Field Office is responsible for enforcing immigration laws in its six state area of responsibility, which covers Illinois, Indiana, Kansas, Kentucky, Missouri, and Wisconsin. ICE Chicago and its agents are responsible for the policies and practices related to the arresting and detaining individuals for prosecution in removal proceedings within its area of responsibility.

14. Defendant Glenn Triveline is the Acting Director for the ICE Chicago Field Office. Acting Director Triveline is responsible for the development and implementation of ICE Chicago's policies and practices related to arresting and detaining individuals for prosecution in removal proceedings. He is sued in his official capacity.

15. Defendant John F. Kelly is Secretary for the U.S. Department of Homeland Security. Secretary Kelly has responsibility, amongst other things, over the policies and practices of ICE related to arresting and detaining individuals for prosecution in removal proceedings. He is sued in his official capacity.

16. Defendant Thomas Homan is the Acting Director of ICE. Acting Director Homan is responsible for the development and implementation of ICE's policies and practices related to

arresting and detaining individuals for prosecution in removal proceedings. He is sued in his official capacity.

## LEGAL AND PROCEDURAL BACKGROUND

17. Pursuant to 8 U.S.C. § 1357(a)(2), ICE agents have authority to make warrantless arrests based on, among other requirements, having probable cause the individual that an individual is in violation of immigration laws, so long as the individual is "taken without unnecessary delay for examination" before an immigration judge. 8 U.S.C. § 1357(a)(2); *Arias v. Rogers*, 676 F.2d 1139, 1142-43 (7th Cir. 1982). ICE Chicago never brings an individual within 48 hours before an immigration judge subsequent to a warrantless arrest, in violation of the statute and the Fourth Amendment. *Gerstein v. Pugh*, 420 U.S. 103 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

18. At some point after entering ICE Chicago physical custody, ICE agents generally serve members of the putative class with an I-200 administrative immigration warrant. Ex. A. An I-200 administrative warrant is not reviewed or approved by a detached and neutral judicial officer and is not otherwise supported by a sworn, particularized showing of probable cause. *Id.*; 8 C.F.R. § 287.5(e)(2) (listing a wide range of supervising ICE enforcement officers who issue I-200 administrative warrants); *Gerstein*, 420 U.S. at 112-13 (requiring judicial finding of probable cause to justify arrest, either through a warrant issued before arrest or prompt judicial determination afterward); *County of Riverside*, 500 U.S. at 57 (absent extraordinary circumstances post-arrest judicial determination of probable cause must be within 48 hours). ICE regulations permit ICE officers authority to hold an individual for 48 hours after assuming physical custody in order to investigate and determine whether to initiate removal proceedings. 8 C.F.R. § 287.3. Even after ICE Chicago issues a charging document pertinent to removal

proceedings (known as the NTA), ICE Chicago does not immediately file charges with the immigration court. Rather, it has a policy and practice of waiting an additional indeterminate amount of time before filing the NTA with the immigration court. It is only after the filing of the NTA that removal proceedings are initiated. Even after proceedings are initiated, it can be weeks before an individual receives an initial appearance before an immigration judge.

## FACTUAL ALLEGATIONS

19. Rony Chavez Aguilar at all times relevant to this case has been a U.S. citizen.

20. Plaintiff was born in Guatemala on September 17, 1984. Raquel Aguilar is his biological mother.

21. Plaintiff entered the United States in 1991 as a Lawful Permanent Resident (LPR).

22. Raquel Aguilar became a U.S. citizen through naturalization on May 13, 1999.

23. At the time of Ms. Aguilar's naturalization, Plaintiff was a LPR, 14 years old, and in his mother's legal and physical custody.

24. By operation of law, Plaintiff became a U.S. citizen on February 27, 2001. 8 U.S.C. § 1431(a).

25. Since Plaintiff is a U.S. citizen, ICE has no jurisdiction or lawful authority to arrest, detain, or otherwise subject Plaintiff to removal proceedings.

26. In January 2017, ICE issued an immigration detainer to a Kentucky law enforcement agency (LEA) requesting that the LEA hold Plaintiff after its authority had expired so ICE Chicago could assume physical custody.

27. On March 9, 2017, the Kentucky LEA held Plaintiff on the ICE detainer so ICE Chicago could assume physical custody.

28. ICE Chicago assumed physical custody of Plaintiff on or around March 9, 2017. Since that date, ICE Chicago has detained Plaintiff at its contract facility, the Boone County Jail, Kentucky.

29. Over the past 18 days, Plaintiff has been issued two different NTAs and was mailed an I-200 administrative warrant.

30. ICE Chicago has not filed an NTA against Plaintiff with the immigration court.

31. ICE Chicago did not obtain a judicial warrant to arrest Plaintiff; has not provided a sworn, particularized statement of probable cause; has not promptly brought him before a detached and neutral judicial officer for a probable cause hearing; or has not brought him before a judge to understand the charges against him and receive important advisals regarding his due process rights, amongst other procedural protections.

## CLASS ACTION ALLEGATIONS

32. Pursuant to Fed. R. Civ. P. 23 (b)(2), Rony Chavez Aguilar, seeks to represent a class consisting of:

> All persons who are or will be detained under the authority of ICE within the Chicago Area of Responsibility for over 48 hours, where ICE has not initiated removal proceedings by filing a Notice to Appear with the immigration court and have not brought the individual for a hearing before an immigration judge or other detached and neutral judicial officer, and has not initiated another form of removal proceedings.

33. The Plaintiff Class seeks declaratory and injunctive relief to eliminate or remedy Defendants' application of arrest and detention policies, practices, acts, and omissions that are depriving them of their liberty in violation of the statute and their rights under the U.S. Constitution.

34. The proposed Class is numerous. On any given day, ICE Chicago detains over 1,000 individuals in its contract detention facilities throughout the six-state area of responsibility, of which a significant percentage on any given day would be class members.

35. Joinder of all class members is impracticable. ICE Chicago is continuously making arrests or otherwise detaining individuals without prompt initiation of removal proceedings throughout it sprawling six-state area of responsibility. The membership of the class changes constantly and is inherently transitory.

36. All individuals who would fall within the class definition have been equally subjected to ICE's pre-removal proceedings arrest and detention policies, practices, acts, and omissions resulting in the unlawful deprivation of their liberty in violation of their rights. There are questions of law and facts common to all class members, including but not limited to:

- Whether Defendants exceed their statutory authority and otherwise violate class members' constitutional rights by detaining them for over 48 hours without a judicial warrant or bringing them before an immigration judge or other detached and neutral judicial officer for a hearing to determine probable cause; and

- Whether Defendants exceed their statutory authority and otherwise violate class members' constitutional rights by detaining them without a prompt hearing before an immigration judge or other judicial officer to understand the charges against them, receive advisals regarding their due process rights, receive an automatic custody review, amongst other procedural protections.

37. Plaintiff's claims are typical of the claims of the class as a whole, because the Plaintiff and class members have been similarly detained without a judicial warrant; have not been brought promptly (i.e., within 48 hours) before a detached and neutral judicial officer for a probable cause hearing; have not been brought promptly before a judge to understand the charges against them, receive important advisals regarding their due process rights, and receive a custody review, amongst other procedural protections.

38. Defendants have acted and intend to act in a manner adverse to the rights of the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

39. Plaintiff and the class he seeks to represent have been directly injured by the Defendants' statutory and constitutional violations in the application of pre-removal proceedings arrest and detention policies, practices, acts and omissions and are at risk of future harm from continuation of these policies, practices, acts and omissions.

40. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff's legal claims are typical to all members of the proposed Class. Plaintiff has no interests separate from those of the Class, and seeks no relief other than the relief sought on behalf of the class.

41. Plaintiff's counsel is experienced in class action, civil rights, and immigrants' rights litigation. Plaintiff's counsel will fairly and adequately represent the interests the Class.

## FIRST CLAIM FOR RELIEF
### Violations of Immigration and Nationality Act
(Administrative Procedures Act, 5 U.S.C. §§ 706(2)(A)-(D))

42. Plaintiff repeats and realleges all the allegations above and incorporates them by reference here.

43. Defendants' policy and practice of arresting and detaining Plaintiff and putative class members (hereinafter "Plaintiffs") without a judicial warrant and without presenting them "without unnecessary delay for examination" before an immigration judge or other judicial officer violates and is otherwise in excess of Defendants' authority under the Immigration and Nationality Act. 8 U.S.C. § 1357(a)(2); *Arias v. Rogers*, 676 F.2d 1139, 1142-43 (7th Cir. 1982).

44. Defendants' unlawful policies and practices have caused and are causing Plaintiffs significant prejudice by depriving them of their liberty and exercise of their statutory and constitutional due process rights.

45. Defendants' policies and practices of arresting and detaining Plaintiffs prior to the initiation of removal proceedings exceeds the Defendants' statutory authority in violation of 5 U.S.C. §§ 706(2)(A)-(D).

46. As a proximate result of Defendants' statutory violations, Plaintiffs are suffering and will continue to suffer a significant deprivation of their liberty without due process of law. Plaintiffs have no plain, adequate or complete remedy at law to address the wrongs described herein. The injunctive and declaratory relief sought by Plaintiffs is necessary to prevent continued and future irreparable injury.

## SECOND CLAIM FOR RELIEF
(Violation of the Fourth Amendment to the U.S. Constitution)

47. Plaintiff repeats and realleges all the allegations above and incorporates them by reference here.

48. Defendants' policies and practice of arrest and continued detention of Plaintiffs without a judicial warrant and without providing a prompt hearing before an immigration judge or other detached and neutral judicial officer to determine whether Defendants have probable cause unreasonably deprive Plaintiffs of their liberty in violation of the Fourth Amendment.

49. As a proximate result of Defendants' unconstitutional arrest and detention policies, practices, acts, and omissions, Plaintiffs are suffering and will continue to suffer an unreasonable deprivation of their liberty without any legal recourse. Plaintiffs have no plain, adequate or complete remedy at law to address the wrongs described herein. The injunctive and

declaratory relief sought by Plaintiffs is necessary to prevent continued and future irreparable injury.

### THIRD CLAIM FOR RELIEF
(Violation of Due Process Clause of Fifth Amendment to the U.S. Constitution)

50. Plaintiff repeats and realleges all the allegations above and incorporates them by reference here.

51. Defendants' policies and practice of continued detention of Plaintiffs without a judicial determination of probable cause and prompt hearing before an immigration judge to understand the charges against them, their due process rights, and have their continued custody reviewed causes Plaintiffs to suffer significant pain and suffering and substantial prejudice without affording them an opportunity to be heard in violation of the Due Process Clause of the Fifth Amendment.

52. As a proximate result of Defendants' unconstitutional detention policies, practices, acts, and omissions, Plaintiffs are suffering and will continue to suffer a significant deprivation of their liberty without due process of law. Plaintiffs have no plain, adequate or complete remedy at law to address the wrongs described herein. The injunctive and declaratory relief sought by Plaintiffs is necessary to prevent continued and future injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Issue an order certifying this action to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appoint the undersigned as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

c. Issue a judgment declaring that Defendants' arrest and detention policies, practices, acts, and omissions described herein as applied to the Plaintiffs are unlawful and exceed Defendants' constitutional and statutory authority in violation of 5 U.S.C. §§ 706(2)(A)—(D);

d. Issue a judgment declaring that Defendants' arrest and detention policies, practices, acts, and omissions described herein are unlawful and violate Plaintiffs' rights under the Fourth Amendment to the United States Constitution;

e. Issue a judgment declaring that Defendants' detention policies, practices, acts, and omissions described herein are unlawful and violate Plaintiffs' rights under the Fifth Amendment to the United States Constitution;

f. Permanently enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from subjecting Plaintiffs to these statutory violations and unconstitutional arrest and detention policies, practices, acts and omissions described herein, and issue injunctive relief sufficient to rectify those statutory and constitutional violations; and

g. Grant such other relief as this Court deems just and proper.

Date: March 27, 2017

Respectfully Submitted:

\_\_\_s/ Mark Fleming_____

Mark Fleming
Charles Roth
NATIONAL IMMIGRANT JUSTICE CENTER
208 S. LaSalle Street, Suite 1300
Chicago, IL 60604
(tel) 312-660-1370
(fax) 312-660-1500
mfleming@heartlandalliance.org
croth@heartlandalliance.org